**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KEITH HOBBS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>USHEALTH ADVISORS, LLC, FRANK GORDON OWEN; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 0:20-cv-60347-RS<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KEITH HOBBS ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief, and based upon personal knowledge:

**NATURE OF THE CASE**

1.      Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of USHEALTH ADVISORS, LLC ("USHA") and FRANK GORDON OWEN ("Owen"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and

1

related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the TCPA.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant Owen resides in the Middle District of Florida, a substantial part of the events or omissions giving rise to the claim occurred the Middle District of Florida, and/or Defendants are subject to personal jurisdiction in the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person residing in Columbus, Georgia and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant USHA is a limited liability company of the State of Texas, which is registered with the Secretary of State to do business in Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant Owen is an individual who resides in St. Petersburg, Florida and maintains a business office in Tampa, Florida. Defendant Owen is also a "person" as defined by 47 U.S.C. § 153(39).

7. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTUAL ALLEGATIONS

8.  Beginning on or about April 3, 2018, Defendants placed calls to Plaintiff on Plaintiff's cellular telephone number ending in -7558, in attempts to solicit Plaintiff to purchase Defendants' insurance products and services.

9.  When Plaintiff answered Defendants' call to his cellular telephone on or about April 3, 2018, Plaintiff heard a voice recording which asked him to press a specific number on his phone if he wished to speak with a live representative.

10. Therefore, on information and belief, Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff, seeking to solicit Plaintiff to purchase Defendants' insurance products and services.

11. Defendants contacted or attempted to contact Plaintiff on several occasions, from telephone numbers which include, but are not limited to 323-338-7029, 503-468-5336, and 813-331-8997, as displayed on Plaintiff's cellular telephone caller ID.

12. On or about May 8, 2018, Plaintiff answered Defendants' call to his cellular telephone number ending in -7558 and spoke with Defendant Owen, who represented himself to be an agent of Defendant USHA. During that conversation, Defendant Owen solicited Plaintiff to purchase Defendant USHA's insurance products and services.

13. Plaintiff is informed and believes that at all relevant times, Defendant Owen was acting as an agent and/or employee of Defendant USHA, and was acting within the course and scope of said agency and/or employment, with the full knowledge and consent of each other.

3

Plaintiff is informed and believes that each of the acts and/or omissions complained of herein were made known to, and ratified by, each of the Defendants.

14. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to place calls to Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

16. During all relevant times, Plaintiff did not have an "established business relationship" with Defendants as defined in 47 C.F.R. § 64.1200(e).

17. Further, Plaintiff's cellular telephone number ending in -7558 was added to the National Do-Not-Call Registry on or about March 23, 2017, over 30 days prior to receiving Defendants' calls at that number.

18. Defendants placed numerous calls soliciting their business to Plaintiff on his cellular telephone ending in -7558 between April 3, 2018 and May 8, 2018.

19. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were attempts to promote or sell Defendants' products and services.

20. Plaintiff's cellular telephone number ending in -7558 is a residential telephone number pursuant to 47 C.F.R. § 64.1200(c)(2), as said number is utilized by Plaintiff for his own personal use.

21. Plaintiff received more than two solicitation calls from Defendants within a 12-month period without Plaintiff's prior express consent.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member two proposed classes (hereafter jointly referred to as the "Classes"). The first class, related to Plaintiff's allegations that Defendants used an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone without Plaintiff's prior express consent (hereafter the "ATDS Class"), is defined as follows:

> All persons within the United States who received telephone calls from Defendants to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, who had not granted Defendants their prior express consent for placement of such calls, within four years prior to the filing of the Complaint in this Action through the date of class certification.

23. The second class, related to Plaintiff's allegations that Defendants placed multiple calls to Plaintiff more than 30 days after Plaintiff had registered his cellular telephone number on the National Do-Not-Call Registry (hereafter the "DNC Class"), is defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent, nor had a prior established business relationship with Defendants, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the Complaint in this Action through the date of class certification.

24. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received telephone calls from Defendants to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, who had not provided their prior express consent to receive such calls, within four years prior to the filing of the Complaint in this Action.

25. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent, nor had a prior established business relationship with Defendants, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the Complaint in this Action.

26. Defendants, their employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes includes thousands of members. Plaintiff alleges that the Classes' members may be ascertained by the records maintained by Defendants.

28. Plaintiff and members of the ATDS Class were harmed by the acts of Defendants in at least one of the following ways: Defendants illegally placed calls to Plaintiff and the ATDS Class members on their cellular telephones, thereby causing Plaintiff and the ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and the ATDS Class members had previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, or by having to answer said calls, and by invading the privacy of Plaintiff and the ATDS Class members.

29. Common questions of fact and law exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ADTS Class. These common legal and factual questions, which do not vary between ADTS Class members, and which may be determined without reference to the individual circumstances of any ADTS Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of the Complaint in this Action, Defendants made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to ATDS Class members using any automatic telephone dialing system or any artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the ADTS Class members were damaged thereby, and the extent of their damages for such violations; and

   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

30. As a person within the United States who received telephone calls from Defendants to his cellular telephone number within the four years prior to the filing of the Complaint in this Action, made through the use of an automatic telephone dialing system and an artificial or prerecorded voice, who had not provided his prior express consent to receive such calls, Plaintiff is asserting claims that are typical of the ADTS Class.

31. Plaintiff and members of the DNC Class were harmed by the acts of Defendants in at least one of the following ways: Defendants illegally placed calls to Plaintiff and the DNC Class members for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class

members, whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

32. Common questions of fact and law exist as to all members of the DNC Class which predominate over any questions affecting only individual members of the DNC Class. These common legal and factual questions, which do not vary between the DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of the Complaint in this Action, Defendants or their agents placed more than one solicitation call to the members of the DNC Class within any 12-month period, whose telephone numbers were on the National Do-Not-Call Registry for at least 30 days prior to such calls, who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

    b. Whether Defendants obtained proper prior express consent to place solicitation calls to Plaintiff's and the DNC Class members' telephones;

    c. Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of their damages for such violation; and

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

33. As a person whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, and who had not granted Defendants prior express consent, nor had a prior established business relationship with Defendants, who received more than one call made

by or on behalf of Defendants that promoted Defendants' products or services within a 12-month period, within the four years prior to the filing of the Complaint, Plaintiff is asserting claims that are typical of the DNC Class.

34. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all of the Classes' members is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

36. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the Classes to protect their interests.

37. Defendant has acted or refused to act in respects generally applicable to members of the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

40. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

44. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

45. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of the DNC Class**

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

48. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of the DNC Class**

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

52. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)**
**On Behalf of the ATDS Class**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)**
**On Behalf of the ATDS Class**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to and request treble damages,

as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3); and

- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of the DNC Class**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B); and

- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of the DNC Class**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); and

- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff reserves and requests his right to a jury on all issues so triable.

Respectfully Submitted this 24th day of April, 2020.

                                                  Respectfully submitted,

By:  */s/ Scott M. Wellikoff*
      Scott M. Wellikoff
      Florida Bar #0020341
      ADLER WELLIKOFF, PLLC
      1300 N. Federal Highway,
      Suite 107
      Boca Raton, FL 33432
      Email: swellikoff@adwellgroup.com
      Telephone: (561) 508-9591
      Facsimile: (561) 508-9591

     /s/ David B. Levin
     David B, Levin (Pro Hac Vice Application
     Forthcoming)
     Illinois Attorney No. 6212141
     Law Offices of Todd M. Friedman, P.C
     333 Skokie Blvd., Suite 103
     Northbrook, IL 60062
     Phone: (224) 218-0882
     Fax: (866) 633-0228
     dlevin@toddflaw.com

     *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                                                        */s/ Scott M. Wellikoff*
                                                        Scott M. Wellikoff, Esq.