UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60347-CIV-SMITH

KEITH HOBBS, individually and on
behalf of all others similarly situated,

    Plaintiff,
vs.

USHEALTH ADVISORS, LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss [DE 13] filed by Defendant US Health Advisors, LLC ("US Health Advisors"), the Response in Opposition [DE 15] filed by Plaintiff and the Reply [DE 19]. US Health Advisors seeks dismissal of the Amended Complaint in its entirely for lack of personal jurisdiction, improper venue and failure to state a claim.[1] Alternatively, US Health Advisors seeks to stay the action should the Motion not be granted. For the reasons set forth below, the Motion is **GRANTED in part.**

### I. FACTUAL BACKGROUND

On February 17, 2020, Plaintiff filed this instant lawsuit for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff is a resident of Columbus, Georgia and alleges that US Health Advisors is a Florida Corporation. According to the Complaint, venue is proper in the United States District Court for the Southern District of Florida.

---

[1] On April 24, 2020, Plaintiff filed his First Amended Complaint (the "Amended Complaint") [DE 9], which is the operative pleading before the Court.

On April 10, 2020, US Health Advisors filed its first Motion to Dismiss, seeking dismissal for lack of personal jurisdiction and failure to state a claim. Alternatively, US Health Advisors sought to stay the action pending the decision of the United States Supreme Court in *Barr v. Am. Ass'n of Political Consultants*, No. 19-631. On April 24, 2020, Plaintiff timely amended the complaint.

The Amended Complaint added Defendant Gordon Owen ("Owen"). Additionally, the Amended Complaint now alleges that venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Owen allegedly resides within that district and because a substantial part of the events or omission giving rise to the claim occurred in the Middle District of Florida. Beginning in or around April 2018, Plaintiff alleges that US Health Advisors contacted Plaintiff on his cellular telephone number, to solicit Plaintiff to purchase its services. Plaintiff also alleges that Owen solicited him to purchase insurance products and services while acting within the course and scope of his employment with US Health Advisors.

On May 29, 2020, US Health Advisors moved to dismiss the Amended Complaint for lack of personal jurisdiction, improper venue and failure to state a claim. Alternatively, US Health Advisors seeks a stay of the action pending the decision of the United States Supreme Court in *Barr v. Am. Ass'n of Political Consultants*, No. 19-631.[2]

## II. LEGAL STANDARD

### A. Improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)

"On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D.

---

[2] On July 6, 2020, the Supreme Court issued its decision in *Barr v. Am. Ass'n of Political Consultants*, No. 19-631. Thus, Defendant's request to stay the proceeding is now moot.

Fla. 2004). The court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. *Id.* "The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.*

### III. DISCUSSION

Dismissal is warranted because Plaintiff pleads that venue is proper in the Middle District of Florida. The allegations of the Complaint, taken as true, make clear that venue is proper in the Middle District of Florida. As such, the motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12 (b)(3) is **GRANTED.**[3]

In his Response in Opposition, Plaintiff contends that if this Court finds venue here in the Southern District of Florida improper, it should exercise its discretion and transfer this matter to the Middle District of Florida. This Court agrees. Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or, Alternatively, to Stay Proceedings [DE 13] is **GRANTED IN PART and DENIED IN PART.**

2. The Amended Complaint is dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The case is transferred to the United States District Court for the Middle District of Florida.

3. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim is **DENIED as moot**. Defendant's Motion to Stay Proceedings is also **DENIED as moot**.

4. The case is **CLOSED.**

---

[3] Dismissal is granted for improper venue under Federal Rule of Civil Procedure 12(b)(3) and thus, the Court will not address the other arguments raised by the parties in their briefing.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of August, 2020.

*[signature]*

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record